IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**RICHARD KITTS,**

    **Plaintiff;**

**vs.**

Case No.: _____

**LIFE INSURANCE COMPANY
OF NORTH AMERICA,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Richard Kitts (hereinafter "**Plaintiff**" or "**Mr. Kitts**"), by and through his attorneys, and for his Complaint against the Defendant, Life Insurance Company of North America (hereinafter "**Defendant**" or "**LINA**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of North American Stamping Group's Long Term Disability Plan and corresponding insurance policy (**Policy No.: VDT-0962036**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered, and/or managed by LINA for the benefit of certain employees of North American Stamping Group (hereinafter "**NASG**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal

question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **LINA Incident No.: 10225698-02**.

3. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391, as NASG is found in the Middle District of Tennessee and a substantial part of the transactions, events, or occurrences material to Mr. Kitts' claim for disability benefits took place there.

## RELEVANT PARTIES

4. Mr. Kitts lives in Adolphus, Kentucky.

5. At all times relevant hereto, Mr. Kitts was an "employee" of NASG, that being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to his established disability, he last worked at NASG on or about November 17, 2016.

6. At all times relevant hereto, NASG was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Defendant has a financial conflict of interest/bias that may impact the standard of review used

by the Court.

8. At the times relevant hereto, Defendant LINA acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder NASG.

9. Under the Plan, NASG delegated or assigned to Defendant LINA the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to his employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The Plan/Policy provides that an employee is "considered Disabled if, solely because of Injury or Sickness, he or she is: 1. Unable to perform the material duties of his or her Regular Occupation; and 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her **Regular Occupation**." After disability benefits have been payable for 24 months, the employee is "considered Disabled if, solely due to Injury or Sickness, he or she is: 1. Unable to perform the material duties of **any occupation** for which he or she is, or may reasonably become, qualified based on education, training or experience; and 2. unable to earn 60% or more of his or her Indexed Earnings."

3

Case 3:22-cv-00366   Document 1   Filed 05/19/22   Page 3 of 9 PageID #: 3

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Mr. Kitts is currently 61 years old (date of birth in June, 1960), and he has only a high-school level education (GED).

15. Mr. Kitts worked for NASG as a Plant Cleaning Associate, earning wages of approximately $16.50 per hour.

16. Owing to his established medical disability, as stated, Mr. Kitts' last day of work was on or about November 17, 2016.

17. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: severe degenerative arthritis of the hip, which necessitated a hip replacement that failed and caused limitations including inability to walk without assistance; as well as chronic post-surgical pain and other difficulties in his hips, buttocks and thigh(s) radiating to his feet.

18. After he could no longer perform his work for NASG, and based on his employment there, Mr. Kitts was eligible and applied for short-term disability ("STD") benefits through LINA. STD benefits were awarded for the period of time from approximately November 2016 to May 2017.

19. After that, his medical condition not having improved, Mr. Kitts was eligible and applied for LTD benefits, again through LINA. After due appeal by or on behalf of Plaintiff, LINA ultimately approved Mr. Kitts' claim for LTD benefits and paid such benefits for the period of time from May 16, 2017 through April 16, 2021.

20. Later, Mr. Kitts was notified by LINA that it would not pay LTD benefits beyond

April 16, 2021 (*see*, letter of June 11, 2021).

21. Despite due appeal(s) by or on behalf of Plaintiff, LINA has continued to deny any further LTD benefits. The final denial letter was dated March 11, 2022.

22. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

23. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

24. Also, Mr. Kitts has been found to qualify for Social Security disability (SSDI) benefits (*Notice of Award dated 5/3/2018). Evidence of this independent, freestanding determination by the federal government (Social Security Administration) is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

25. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical providers, who have confirmed his continuing inability to work.

26. Under any ERISA standard of review that may apply, the position taken by LINA in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by LINA were wrong, as well as arbitrary and capricious, under the circumstances presented.[1]

---

[1] Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

27. Further, LINA's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

28. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, he is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

29. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

31. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which he is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as he otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C. That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

   E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

   F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

   G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

   Dated this 19th day of May, 2022.

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

Respectfully Submitted,

CODY ALLISON & ASSOCIATES, PLLC

/s/ Samuel D. Payne
K. Cody Allison, BPR No. 20623
Samuel D. Payne, BPR No. 19211
Andrew M. Hickman, BPR No. 37331
Cavalier Building
95 White Bridge Rd., Ste. #250
Nashville, Tennessee 37205
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
drew@codyallison.com